William J. Began, S.
In this proceeding the petitioner requests a construction of paragraph Second of decedent’s will dated December 18, 1956, which states: “ second. I give, and bequeath the sum of Five Thousand ($5,000) Dollars presently *487 in a trust account with Boland B. Benzow, in the Erie County Savings Bank, together with all accrued interest in said account to my children: maureen, kevin and kathryn, share and share alike. ’ ’
The “ trust account ” referred to in said paragraph arises from paragraph Fifth of a separation agreement made on February 10, 1954 by and between Gertrude M. Cheeley, first wife of decedent, and Lawrence N. Cheeley, the decedent. Paragraph Fifth of the separation agreement states: 11 Fifth: The party of the second part agrees to place in escrow with Boland B. Benzow, his attorney, the sum of Five Thousand Dollars ($5,000.00) to be held by said attorney in an interest-bearing trust account in a Buffalo, New York, bank, which sum shall be used for the post-high school and college education, including professional training, of said issue until the age of twenty-five years, as directed by the party of the first part in writing to said escrow agent. The party of the second part shall use his best efforts to add monies to said trust account from time to time; and the party of the first part may add thereto from time to time as she may desire. Upon the last of said issue reaching the age of twenty-five years, any balance or residue in said account shall be paid over by escrow agent to the party of the second part. It is understood and agreed that should any of such issue be interrupted in pursuing the aforesaid education on account of illness, military service or any other cause beyond his or her control, then such issue shall be permitted to resume and continue his or her education beyond the age of twenty-five years ”.
Pursuant to this separation agreement Boland B. Benzow, attorney, received the sum of $5,000 which he placed in an escrow account in the Erie County Savings Bank, Account Number 764271. Although the form of the bank account itself appears to be in the nature of a Totten Trust, “Boland B. Benzow in Trust for Lawrence Cheeley”, Mr. Benzow has made no claim to the funds but, as a matter of fact, attests to the escrow nature of it. For sometime following the establishment of this account Mr. Benzow did apply some of the funds for the college education of two of the children for whose benefit this fund was established. As of the date of the institution of this construction proceeding there remains in the bank the sum of $3,333.48.
In this court’s opinion, the separation agreement is an unequivocal agreement which cannot be altered by the provisions of a will of one of the parties thereto. Inasmuch as the second paragraph of the will is at variance with the terms contained *488 in the separation agreement, the separation agreement is held to be controlling and the attempt in the will to vary the escrow arrangement set up by the separation agreement is ineffectual.
Furthermore, it appears that the terms under the separation agreement have not yet been fully executed, as all of the three children have not yet reached the age of 25. When the last of these children reaches the age of 25, any balance or residue in said account would then revert to and become assets of this estate. With regard to any such balance or residue, the sole residuary legatee under the will would then have an interest.
The court therefore construes paragraph Second of the will to be a nullity and to have no effect.